**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
)
)
v. ) I.D. No.: 2404009032
)
)
)
TYHEIR V. WILLIAMS )
)
Defendant. )
)

Submitted: January 6, 2026
Decided: January 28, 2026

**ORDER DENYING DEFENDANT'S**
**MOTION FOR POST-CONVICTION RELIEF**

On this 28th day of January, 2026, upon consideration of Defendant Tyheir

Williams's ("Defendant") *pro se* Combined Motion for Postconviction Relief (the

"Motion") and the record in this case, it appears to the Court that:

***Background***

1.      On January 13, 2025, Defendant pleaded guilty to (1) Carrying a

Concealed Dangerous Instrument and (2) Illegal Possession of a Controlled

Substance.[1]  On the same day, Defendant was sentenced to a total of one year and

six months at Level V supervision, suspended for one year at Level II.[2]  Defendant

---

[1] D.I. No. 12.
[2] D.I. No. 14.  Defendant received the following sentence: (1) for Carrying a Concealed Dangerous Instrument, one year at Level V supervision, suspended immediately for one year at Level II

was prohibited from owning or possessing a deadly weapon for a period of five years.[3]

2. Defendant did not file a direct appeal after sentencing. On January 15, 2025, Defendant filed a Motion to Withdraw Guilty Plea (the "Motion to Withdraw").[4]

3. On April 15, 2025, the Court denied the Motion to Withdraw (the "Order").[5] The court concluded that the Motion to Withdraw was untimely because it was raised after sentencing.[6] Rather than reject the motion outright, the Court reviewed it under the framework for postconviction relief set forth in Superior Court Criminal Rule ("Rule") 61.[7] The Court found that Defendant's plea was knowingly, intelligently, and voluntarily made, and that "Defendant's contention that his lawyer forced him to take the plea offer is without merit[.]"[8]

4. On April 22, 2025, Defendant again moved to withdraw his guilty plea.[9] The Court directed Defendant to the Order.[10]

---

probation; (2) for Illegal Possession of a Controlled Substance, six months at Level V supervision, suspended immediately for one year at Level II probation.

[3] *Id.*
[4] D.I. No. 13.
[5] D.I. No. 16; *State v. Williams*, 2025 WL 1139527 (Del. Super. Apr. 15, 2025).
[6] Order p. 2.
[7] *Id.*
[8] *Id.* at p. 4.
[9] D.I. No. 17.
[10] D.I. No. 18.

5.      On September 8, 2025, Defendant filed a Motion for Postconviction Relief (the "September Motion"), which included a Motion for Appointment of Counsel, Motion to Suppress Evidence and Vacate Plea, and Alternative Motion to Dismiss Indictment/Charges.[11]

6.      On October 10, 2025, Defendant filed a Motion to Compel Discovery seeking evidence related to his charges and the chain of custody.[12]

7.      On October 24, 2025, Defendant filed a "Motion to Expedite Judicial Review and Request Court Appointed Counsel."[13]

8.      On December 3, 2025, Defendant filed (i) a request for resolution of the September Motion, (ii) an additional motion to compel discovery, (iii) a motion to suppress evidence, and (iv) a motion to dismiss the charges.[14]

9.      On December 18, 2025, Defendant filed the Motion.[15]

10.      On January 5, 2026, Defendant filed a letter to the Court requesting that his birthdate be changed in his records.[16]

---

[11] D.I. No. 19.
[12] D.I. No. 20.
[13] D.I. No. 21.
[14] D.I. No. 22.
[15] Motion (D.I. No. 23) (hereinafter "Mot.").
[16] D.I. No. 27.

11. On January 6, 2026, Defendant filed a "Notice of Consolidation and Clarification of Pending Rule 61 Filings[,]" in which he requested that the Court treat all of his filings as supplements to the September Motion.[17]

12. On January 12, 2026, Defendant was discharged from probation.[18]

### *Motion for Postconviction Relief*

13. In the Motion, Defendant seeks relief on the bases of (i) ineffective assistance of counsel,[19] (ii) an unconstitutional traffic stop and search,[20] (iii) a charging defect that deprived Defendant of due process,[21] (iv) discovery violations,[22] (v) the Court's failure to rule in a timely manner, (vi) his birthdate being incorrect in law enforcement and court documents, and (vii) a guilty plea that was not knowing, voluntary, or intelligent.[23]

---

[17] D.I. No. 28. Rule 61(b)(2) permits amendments as a matter of course prior to the State's response, so the Court considers the Motion—which Defendant characterized as a "unified" motion for postconviction relief—as Defendant's governing petition.

[18] D.I. No. 26.

[19] Specifically, Defendant argues that counsel's performance fell below objective standards and was prejudicial because counsel refused to file certain suppression motions, referred to Defendant's proposed constitutional challenges as "frivolous," stated he "would not waste [his] credibility with the court" by making arguments Defendant requested, knew Defendant had a disability but failed to accommodate or investigate, and knew Defendant's date of birth was inaccurate in court records but did correct the error. Mot. p. 3.

[20] Specifically, Defendant argues that no window tint measurements were taken, the State failed to produce a window tint affidavit, Defendant was stopped without probable cause, the stop was pretextual and unlawful, and all seized evidence is fruit of the poisonous tree. Mot. p. 2.

[21] Specifically, Defendant argues that the State charged him with possession of a "barbiturate" without specifying the drug, thereby preventing him from providing proof of prescription.

[22] Specifically, Defendant argues that the State failed to produce body-worn camera footage and "full chain-of-custody records[.]" Mot. p. 3.

[23] Mot. p. 2.

14. Before turning to the merits, the Court will first address any applicable procedural bars.[24] If a procedural bar exists, the Court will not examine the merits of that claim.[25] A claim made pursuant to Rule 61 can be barred for time limitation, successive motions, failure to raise claims below, or former adjudication.[26] Additionally, "[t]his Court will not address claims for post-conviction relief that are conclusory and unsubstantiated."[27]

**Timely**

15. The Motion is timely because it was filed within one-year after the judgment of conviction was final.[28]

16. The Motion was not mooted by Defendant's subsequent release from custody. In *Martin v. State*, the Delaware Supreme Court concluded that "a defendant who files a timely postconviction motion while in custody . . . but is released from custody before the motion is resolved, is not divested of standing if the defendant can demonstrate that he continues to suffer collateral consequences because of his conviction."[29] Given the circumstances of the case, including that Defendant's five-year firearm possession allegedly prevents him from living in the

---

[24] *State v. Evans*, 2024 WL 3691510, at *1 (Del. Super. Aug. 7, 2024) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).
[25] *Bradley v. State*, 135 A.3d 748, 757–58 (Del. 2016).
[26] Super. Ct. Crim. R. 61(i)(1)–(4).
[27] *State v. Allen*, 2024 WL 1654514, at *11 (Del. Super. Apr. 15, 2024) (quoting *State v. Guinn,* 2006 WL 2441945, at *4 (Del. Super. Aug 16, 2021)).
[28] Super. Ct. Crim. R. 61(i)(1).
[29] *Martin v. State*, 306 A.3d 50, 57 (Del. 2023).

5

family home and that this is his first felony, the Court concludes that Defendant—if given the opportunity—could meet his burden that he has suffered collateral consequences notwithstanding the conclusion of his sentence.[30]

**Failure to Raise Below**

17.    "Under Rule 61(i)(3), claims that could have been raised on direct appeal, but were not, are barred as procedurally defaulted" unless the defendant can show good cause for the delay.[31]  "To show cause, a Rule 61 movant must . . . show 'some external impediment' prevented him from constructing or raising the claim."[32] A defendant cannot show an external impediment when the claim was "both evident and available" to the defendant during the first round proceedings or on direct appeal.[33]

18.    Defendant's claim regarding an unconstitutional stop and search is barred because he did not raise it below.[34]  Defendant has not shown good cause for the default—indeed, he has not articulated why he did not raise this issue at the appropriate time, or even in the Motion to Withdraw.[35]

---

[30] *See Martin* at 65 ("State and federal jurisdictions . . . increasingly presume that collateral consequences arise as a result of a felony conviction.").
[31] *State v. Prince*, 2022 WL 211704, at *4 (Del. Super. Jan. 24, 2022).
[32] *State v. White*, 278 A.3d 680, 688 (Del. Super. 2022) (*Younger v. State*, 580 A.2d 552, 556 (Del. 1990)).
[33] *Id.*
[34] *See State v. Smith*, 2018 WL 5279569, at *1 (Del. Super. Oct. 1, 2018) (finding that claims of a pretextual traffic stop and an illegal search were barred for failure to raise below).
[35] *Id.*

19.   Defendant's claim that the State erroneously failed to specify which barbiturate constituted the basis of his possession charge was not raised on direct appeal, and Defendant has not shown cause and prejudice excusing this default.[36] Defendant's *Brady* claim for the State's purported failure to produce body-worn camera footage and chain-of-custody records is barred on the same basis.

20.   Defendant's claim that he was harmed because his birthdate was purportedly incorrect in police records, Superior Court records, Probation & Parole records, and Supreme Court records is also barred for failure to raise below. This defect has been evident and available throughout the course of this litigation.[37]

21.   Defendant's claim for ineffective assistance of counsel is not barred for failure to raise below.[38] The procedural bar for failing to raise a claim below is inapplicable to claims of ineffective assistance of counsel because such claims "cannot be raised at an earlier stage in the proceedings and are properly brought in a motion for postconviction relief."[39]

---

[36] *See McGriff v. State*, 326 A.3d 653 (TABLE), 2024 WL 3770733, at *2 (Del. Aug. 12, 2024) (holding *Brady* claim procedurally barred under Rule 61(i)(3) when Defendant failed to contest it before conviction or on direct appeal, and failed to provide a basis for cause-and-prejudice from the procedural default).

[37] *See White*, 278 A.3d at 688.

[38] September Motion p. 3.

[39] *Evans*, 2024 WL 3691510, at *1; *see also Green v. State*, 238 A.3d 160, 175 (Del. 2020) ("Simply put, ineffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceeding leading to judgment of conviction under the Superior Court's rules and this Court's precedent.").

7

**Former Adjudication**

22. Under Rule 61(i)(4): "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[40]

23. In the introduction to the Motion, Defendant argues that his plea was not knowingly, intelligently, or voluntarily made.[41] Defendant made a similar argument in the Motion to Withdraw.[42] Upon review of the record and Defendant's colloquy responses, the Court "found that Defendant's plea was knowingly, intelligently, and voluntarily made."[43] Defendant's claim is accordingly barred as adjudicated.[44]

24. Defendant also seeks relief on the basis that "the Court's inaction on plea-withdrawal motions denied Defendant meaningful review,"[45] but—as noted above and in the Order—Defendant's plea withdrawal motions were themselves untimely and thus barred from consideration as such.[46]

---

[40] *White*, 278 A.3d at 685 (quoting Del. Super. Ct. Crim. R. 61(i)(4)).
[41] Mot. p. 2
[42] *See* D.I. No. 13.
[43] Order p. 4.
[44] *See State v. Daniels*, 2018 WL 3853534, at *4 (Del. Super. Aug. 9, 2018) (finding that a claim that a guilty plea was involuntary was barred when the Supreme Court had already held that the plea was voluntary).
[45] Motion p. 4.
[46] Order p. 2. To the extent Defendant alleges that the Court delayed in ruling on the Motion, there was no delay. Defendant continually entered new filings from September 2025 to January 2026,

8

**Successive**

25. With limited exceptions, a motion for postconviction relief is barred as successive if it is a second or subsequent motion.[47] The limited exceptions apply only when the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid."[48]

26. Defendant argues that his counsel was ineffective under the criteria set forth in *Strickland v. Washington*.[49] In the Motion to Withdraw, Defendant argued that his counsel coerced him into taking a plea, and the Court rejected the argument.[50] Now, Defendant proposes several additional reasons why his counsel was ineffective in representing him prior to his guilty plea.[51] These allegations were available and known, or should have been known, at the time of Defendant's first

---

many of which raised new claims and arguments. Indeed, Defendant did not file his "unified" motion for postconviction relief until December 2025.

[47] Super. Ct. Crim. R. 61(i)(2).

[48] *Id.*; *see also* Super. Ct. Crim. R. 61(d)(2).

[49] Motion p. 3 (referencing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[50] Order p. 4.

[51] Motion p. 3.

petition, and are accordingly barred as successive.[52]  Moreover, Defendant waived this claim when he knowingly, intelligently, and voluntarily pled guilty.[53]

### *Motion for Appointment of Counsel*

27.    Rule 61(e)(3) provides that the Court may appoint counsel for a movant's first timely postconviction motion and request for counsel following a guilty plea if: "(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel."[54]

28.    If the movant fails to set forth a substantial claim of ineffective assistance, then the Rule 61(e)(3) requirements are not satisfied.[55]  As the Court has

---

[52] *See State v. Watson*, 2004 WL 282806, at *2 (Del. Super. Apr. 28, 2004) (finding new bases for ineffective assistance of counsel raised on a second petition were successive).  To be sure, there is some ambiguity regarding whether a filing that is a motion for postconviction relief in substance but not in form can bar claims in future motions for postconviction relief as successive. *See State v. Reed*, 2024 WL 2746694, at *2 (Del. Super. May 23, 2024) (denying defendant's motion as successive even though defendant characterized previous motion as a motion to vacate rather than a motion for postconviction relief).

[53] *See Evans v. State*, 341 A.3d 1005 (TABLE), 2025 WL 1565409, at *1 (Del. June 2, 2025) (holding that an appellant waived his ineffective assistance of counsel claim when he knowingly, intelligently, and voluntarily entered a guilty plea).

[54] Del. Super. Ct. Crim. R. 61(e)(3).

[55] *Thomas v. State*, 337 A.3d 1215 (TABLE), 2024 WL 5135491, at *3 (Del. Dec. 16, 2024).

determined that Defendant has not set forth a valid claim for ineffective assistance of counsel, appointment of counsel is not warranted in this matter.[56]

### *Conclusion*

For the foregoing reasons, Defendant's Motion for Postconviction Relief is **DENIED**.  Defendant's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED**.

Sheldon K. Rennie, Judge

Original to Prothonotary

cc:     Tyheir V. Williams

---

[56] The request for counsel would also fail if the Court treated this motion as a second or subsequent motion for postconviction relief.  The applicable rule for that procedural posture, Rule 61(e)(5), provides that the Court cannot appoint counsel for an indigent movant's second or subsequent motion unless the movant was convicted after a trial (and meets certain other requirements). Defendant pled guilty, so Rule 61(e)(5) does not provide a basis for counsel.